UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANDRENTAE FELTON,**

    Plaintiff,

v.                                                      CASE NO.:

**CRISDEL GROUP, INC.,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Andrentae Felton, by and through undersigned counsel, brings this action against Defendant, Crisdel Group, Inc., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992 ("FCRA"), §760.01 et seq., Fla. Stat.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has pendent jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which is in this district.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a construction in Tampa, in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

**FACTS**

15. Plaintiff is an African-American male.

16. Plaintiff began working for Defendant as a Pipe Layer in November 2019 and he worked in this capacity until April 27, 2020.

17. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

18. Plaintiff was, at first, assigned to a crew that was made up entirely of African-American employees upon his hire in November 2019.

19. Plaintiff was later reassigned to an crew where he was the only African-American crew member.

20. While on the crew with the White co-workers, the Loader Operator, Steve, said they had to "n*gger rig" some equipment.

21. Approximately a month later, the same Loader Operator was speaking with Plaintiff's Foreman and stated he had to bring some dirt to "these morons," referring to Plaintiff.

22. Plaintiff made a complaint to Defendant, however, Defendant took no remedial action whatsoever and nothing was done.

23. However, Defendant had terminated another Black co-worker who had called a white Foreman a "cracker."

24. In early April, Plaintiff was running late and was told by his Foreman to just stay home, that "once you're late, don't come in."

25. However, Defendant had allowed another white co-worker who was late to come into work and get paid.

26. Only two weeks after making his complaint to Defendant about the racial discrimination and disparate treatment, Defendant terminated Plaintiff's employment.

27. Defendant attempted to state the termination was due to Plaintiff's employment, however, Plaintiff had worked for Defendant for five months without any written coaching or other notification of unsatisfactory performance.

28. During the time that Defendant assigned Plaintiff to the crew with other African-Americans, Defendant had no issues with Plaintiff's performance.

29. After Defendant reassigned Plaintiff to the White crew, all of a sudden Defendant had issues with Plaintiff's performance.

30. On or about April 27, 2020, Defendant terminated Plaintiff's employment solely because of Plaintiff's race and color and because he engaged in protected activity by complaining to Defendant about the discrimination and disparate treatment.

### COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACEDISCRIMINATION)

31. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 15-30 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class of persons under Section 1981.

33. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

34. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

35. Defendant's actions were willful and done with malice.

36. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

37. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    (d)    Compensatory damages, including emotional distress, allowable at law;

    (e)    Punitive damages;

    (f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

38. Plaintiff realleges and readopts the allegations of Paragraphs 1-12 and 15-30 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class of persons under Section 1981.

40. By making a complaint with Defendant, Plaintiff engaged in protected activity under Section 1981.

41. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

42. Defendant's actions were willful and done with malice.

43. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

44. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

45. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

46. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-30 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under Title VII.

48. Plaintiff was subjected to disparate treatment on the basis of his race and color.

49. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT IV – TITLE VII RETALIATION**

52. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-30 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under Title VII.

54. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

55. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

56. Defendant's actions were willful and done with malice.

57. In terminating his employment, Defendant took material adverse action against Plaintiff.

58. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

  d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

  e) Compensation for lost wages, benefits, and other remuneration;

  f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

  g) Front pay;

  h) Any other compensatory damages, including emotional distress, allowable at law;

      i)      Punitive damages;

      j)      Prejudgment interest on all monetary recovery obtained.

      k)      All costs and attorney's fees incurred in prosecuting these claims; and

      l)      For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
### (DISCRIMINATION)

59. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-30 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. Plaintiff was subjected to disparate treatment on account of his race and color.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

      k)      A jury trial on all issues so triable;

      l)      That process issue and this Court take jurisdiction over the case;

      m)      Compensation for lost wages, benefits, and other remuneration;

      n)      Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

      o)      Any other compensatory damages, including emotional distress, allowable at law;

      p)      Punitive damages;

      q)      Prejudgment interest on all monetary recovery obtained.

      r)      All costs and attorney's fees incurred in prosecuting these claims; and

s) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

64. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 13-30 of this Complaint, as though fully set forth herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. Plaintiff engaged in protected activity under the FCRA by making a complaint to Defendant regarding the racial discrimination and disparate treatment.

67. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

68. Defendant's actions were willful and done with malice.

69. By terminating his employment, Defendant took material adverse action against Plaintiff.

70. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

m) A jury trial on all issues so triable;

n) That process issue and that this Court take jurisdiction over the case;

o) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p) Compensation for lost wages, benefits, and other remuneration;

q) Reinstatement of Plaintiff to a position comparable to prior position, with back pay plus interest, pension rights, and all benefits;

r) Front pay;

s) Any other compensatory damages, including emotional distress, allowable at law;

t) Punitive damages;

u) Prejudgment interest on all monetary recovery obtained.

v) All costs and attorney's fees incurred in prosecuting these claims; and

w) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of January, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**